# SUPREME COURT.

## County of New-York.

### John Adams and Napoleon B. Caswell agt. Francis P. Sage and others.

*Any judge*, in any part of the state, may make orders enlarging time to make a case, &c., or any like order enlarging time, &c., notwithstanding *sub*. 3 of § 401 of the Code.

That section should be construed, as to chamber business, beneficially for the profession, and so as to promote their convenience in practice.

In equity causes, pending when the Code took effect, there is no such thing as an *appeal* to the general term: The only mode of review is by *notice of rehearing accompanied by security;* and this notice must be served, and security given, *within ten days* after notice of the judgment or decree.

*At Chambers, Rochester, June* 27, 1856.

This is a motion, on affidavit and notice, on the part of defendants, for an order enlarging time to make a case for the purposes of an appeal to the general term in the first judicial district.

Adams and Caswell agt. Sage and others.

It is an equity cause, and was commenced in 1844 by bill filed before the chancellor. After a contest on exceptions to the answer for insufficiency, the cause was brought to issue by filing and serving a replication in 1854, and was referred under the supplementary act, in the same year, to a referee, to hear and determine the whole issues. The cause was heard before the referee, who reported for plaintiffs, and judgment was entered on his report against defendants, May 29th, 1856, in the clerk's office of the city and county of New-York, for $5,156.87 damages and costs.

On the 31st of May, 1856, written notice of the entry of the judgment was served on Alfred Ely, Esq., defendants' attorney.

On the 5th day of June, 1856, a notice of appeal to the general term, subscribed by *Ely & Husbands*, and *without security*, was served on Smith & Cornwell, plaintiffs' attorneys, which notice was returned to E. & H. for irregularity and insufficiency, on the ground that,

1. It was not accompanied by any security.

2. It was not subscribed by the party, or attorney of record, in the court below.

3. That no *appeal* would lie from the judgment.

On the 20th of June, 1856, another notice of appeal, subscribed by Ely & Husbands, as attorneys, was served on plaintiffs' attorneys, accompanied by a sufficient undertaking, and also by notice of entry of an order substituting Ely & Husbands as attorneys for defendants. In the meantime, and on the 9th of June, 1856, the papers for this motion were served on plaintiffs' attorneys, in the *name of Alfred Ely*, as attorney for defendants, with an order to show cause for this day, why the time of defendants to make case should not be enlarged for forty days.

T. B. HUSBANDS & T. HASTINGS, *for motion.*

F. E. CORNWELL, *for plaintiffs, opposing motion.*

E. DARWIN SMITH, Justice. The first ground of objection to the granting of this order, made by plaintiffs' counsel, is,

that according to subdivision 3, of § 401, this being an action pending in the first judicial district, the motion cannot be made elsewhere, and that therefore I have no jurisdiction.

Subdivision 1, of § 401, is, "an application for an order is a motion."

Subdivision 3 is, "motions must be made within the district in which the action is triable, or in a county adjoining that in which it is triable, *except that where the action is triable in the first judicial district, the motion must be made therein.*"

I am inclined to think that this section does not apply to chamber orders; but that under § 405, giving general powers to "*a judge of the court*" to enlarge time, &c., any judge in any part of the state may make such an order, notwithstanding subdivision 3 of § 401. That section should be construed as to chamber business, beneficially for the profession, and so as to promote their convenience in practice.

2. The more serious objection to granting this application, is contained in the plaintiffs' second ground of objection, which is, that no appeal is pending.

It is claimed that in equity causes, pending at the time the Code took effect, there is no such thing as an appeal to the general term : that the only mode of review is by *notice of re-hearing, accompanied by security,* and that this notice must be served and security given *within ten days* after notice of the judgment or decree. (*See Chap.* 11, § 7, *of Supplemental Act* "*of Provisions Relating to Existing Suits.*") And this position is supported by reference to § 323 of the Code; and to *sub.* 3 of § 2 of chapter 1 of supplemental act, by which it appears that § 348, providing for appeals to general term, is *not* applied to existing suits; and that § 323 (which, in connection with the latter part of subdivision 3 of § 2 of chapter 1 of supplemental act, shows that it includes decrees in equity,) *is* applied to existing suits.

I am strongly inclined to the opinion, that the plaintiffs are right in their construction of the statute, and that there is no appeal pending, and that defendants' proceedings for that purpose are not effectual. (3 *How. Pr. R.* 254, 271, 422.)

But, inasmuch as a mere order enlarging time to make case will not affect the question one way or the other, or prejudice the plaintiffs, I am disposed to grant it, without prejudice to their right to move to dismiss the appeal, and without staying the plaintiffs in the collection of their judgment.